IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO MENDEZ,

    Plaintiff,

v.                                                                                          Case No. 20-cv-0680 KG-KRS

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Mario Mendez's Civil Complaint. (Doc. 1-1) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. He argues prison officials inflicted cruel and unusual punishment and improperly confiscated property. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

I. Background[1]

Plaintiff was previously incarcerated at the Lea County Correctional Facility. (Doc. 1-1) at 1. Upon his arrival, he was placed in a two-man cell with a sex offender. *Id.* at 3. Plaintiff was uncomfortable with the housing assignment. *Id.* Plaintiff was "new to the system … [and] was not educated in the ways of prison lifestyle." *Id.* The cellmate turned on Plaintiff with "physical attacks and verbal abuse." *Id.* Prison officials initially assigned Plaintiff to live with a few new cellmates. *Id.* at 4. However, the men were all friends with the assailant. *Id.* at 4. It appears Plaintiff complained, at which point prison officials issued "(A32) reports for refusing

---

[1] For the purpose of this ruling, the Court assumes the allegations in the Complaint (Doc. 1-1) are true.

housing." *Id.* at 6.

After a month or two, Plaintiff was placed in protective segregation. (Doc. 1-1) at 4. He spent between six and eighteen months there. *Id.* at 4, 6 (citing 18 months initially, but later stating the stay lasted between six and twelve months). Segregation-Captain Mike Heritia "did not like protective custody inmates" and allegedly "tormented" Plaintiff. *Id.* at 4. Plaintiff contends his stay in segregation violates New Mexico Corrections Department (NMCD) policy. *Id.* Pursuant to CD-141500, inmates should only be kept in segregation for 30 days. *Id.* Plaintiff also made many requests for mental health care, which went unanswered. *Id.* He eventually became suicidal and was transferred to the Central New Mexico Correctional Facility. *Id.*

Plaintiff also raises claims based on occurrences at his current prison, the Southern New Mexico Correctional Facility (SNMCF). (Doc. 1-1) at 6. He contends Sergeant Gamboa took his Mp4 player during a property "shake down," *i.e.,* search. *Id.* It also appears Gamboa took Plaintiff's 13-inch television to be etched. *Id.* at 7. Gamboa allegedly failed to return either item. *Id.* He also failed to issue a confiscation form pursuant to NMCD policy. *Id.*

Based on these facts, Plaintiff raises federal claims under the Due Process Clause, the Eighth Amendment, the First Amendment, and 42 U.S.C. § 1983. (Doc. 1-1) at 10. He also appears to raise state law claims for false imprisonment, wrongful institution of civil proceedings, intentional infliction of emotional distress, and civil conversation/theft. *Id.* at 9-10. Plaintiff seeks at least $50,000 from Defendants New Mexico Corrections Department (NMCD); GEO Group, Inc. (GEO); Sergeant Gamboa; and John Doe 1-100. The Complaint was removed from New Mexico's First Judicial District Court, No. D-101-CV-2020-00657. (Doc. 1). The matter is ready for review.

II. Standards Governing *Sua Sponte* Review of Prisoner Complaints

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. *Pro se* pleadings are judged by the same legal standards that apply to represented litigants, and it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* However, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* If the initial complaint fails to state a claim, courts ordinarily grant leave to amend. *Id.*

3

III. Screening the Complaint

Plaintiff's federal claims arise under 42 U.S.C. § 1983, the remedial vehicle for asserting constitutional violations. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint fails to meet this standard with respect to NMCD, GEO, and the John Doe defendants. "New Mexico Department of Corrections is not a person subject to suit under § 1983." *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. 1999). GEO can be liable under Section 1983, but only if it is responsible for the continued operation of a policy that caused the wrongdoing. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Plaintiff does not allege he was attacked, segregated, or lost his property due to a GEO policy. Moreover, Plaintiff's reference to John Doe 1-100 is insufficient to bring any person into this action. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

As to the remaining Defendant - Gamboa - Plaintiff's alleges he improperly confiscated an Mp4 player and television without due process. Plaintiff appears to raise the claim under state

4

and federal law, but New Mexico courts look to the federal due process standard. *See Johnson v. New Mexico Hum. Servs. Dep't*, 2021 WL 72184, at *6 (N.M. App. Jan. 7, 2021) ("[T]he [federal Supreme Court] test ... is the analytical framework for analyzing due process issues in New Mexico state courts"); *Cordova v. LeMaster*, 96 P.3d 778, 783 (N.M. 2004) (applying federal law to state inmate's due process claim); *Matter of Termination of Boespflug*, 845 P.2d 865, 866 (N.M. App. 1992) (citing federal due process law).

The Fourteenth Amendment guarantees due process "when a person is to be deprived of life, liberty, or property." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). In the prison context, there are two types of property revocations that implicate due process principles. The first involves the adoption of "new polic[ies] that limit[] the amount of property prisoners c[an] keep in their cells." *Cosco v. Uphoff*, 195 F.3d 1221, 1222 (10th Cir. 1999). The second type of property revocation involves the "unauthorized intentional deprivation of property by a" prison official. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This occurs where prison officials revoke property "in violation of, rather than according to, established procedure[s]." *Johnson v. Whitney*, 723 Fed. App'x 587, 593 (10th Cir. 2018). Such revocation is only actionable where no "meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Said differently, "[e]ven if the seizure of a prisoner's property is improper," it "does not give rise to a ... due process claim if adequate state post-deprivation remedies are available." *Bridgeforth v. Ramsey,* 1999 WL 992978, *1 (10th Cir. Nov. 2, 1999). *See also Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (same). The plaintiff "must plead facts showing that his state [post-deprivation] remedy was inadequate." *Johnson*, 723 Fed. App'x at 593; *see also Freeman v. Department of Corrections*, 949 F.2d 360, 362 (10th Cir. 1991) (addressing the adequacy of

5

remedies in connection with a prisoner's confiscated stereo).

It is not entirely clear why Gamboa confiscated Plaintiff's items. The Complaint suggests the confiscation was unauthorized, as Gamboa failed to complete the proper paperwork. Assuming an improper confiscation, Plaintiff has not alleged his state remedies - *i.e.,* remedies that fall short of asserting a constitutional violation - are insufficient. There is a high bar for showing remedies are insufficient. In *Freeman,* for instance, the inmate alleged "prison officials confiscated his stereo and refused to return it." 949 F.2d at 361. "[H]e filed grievances to no avail; he then filed a small claims action and asked for a default judgment, but he received no response despite repeatedly writing to the state court regarding the status of his case; and finally, prison officials induced him to dismiss his small claims action by saying they would return his stereo, but they never did." *Id.* Plaintiff has not shown he exhausted all grievances or filed a pleading in small claims court. Hence, the Complaint fails to state a due process claim.

To the extent Plaintiff contends Gamboa is liable for state conversion or civil theft, this claim also fails. "Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Fogelson v. Wallace*, 406 P.3d 1012, 1032 (N.M. App. 2017 (quotations omitted). The Complaint does not include enough information about the circumstances of the prison-wide property shakedown or Plaintiff's interactions with Gamboa thereafter to make that showing.

Plaintiff also raises claims various claims based on his stay in segregation; his misconduct report; for failure to protect him from attack; and for failure to provide mental health care. (Doc. 1-1) at 9-10. To the extent those claims are asserted as constitutional violations, there is no nexus

between the named Defendants and the wrongdoing. To the extent Plaintiff asserts his claims against non-party wrongdoers under state law, these claims also fail. Plaintiff alleges his prison misconduct report amounts to wrongful institution of civil proceedings, which in New Mexico is called malicious abuse of process. Such claim is only relevant to "the use of process in a judicial proceeding." *Durham v. Guest*, 204 P.3d 19 (N.M. 2009). Because placing Plaintiff in protective segregation for six to eighteen months does not show "extreme and outrageous conduct," he cannot state a claim for intentional infliction of emotional distress. *Baldonado v. El Paso Nat. Gas Co.*, 176 P.3d 286, 294 (N.M. App. 2006). Finally, Plaintiff cannot maintain a claim for false imprisonment as a convicted prisoner. *See Benavidez v. Shutiva,* 350 P.3d 1234, 1241 (N.M. App. 2015) (tort of false imprisonment involves unlawful detention, such as "arresting [plaintiff] without probable cause").

For all of these reasons, the Complaint fails to state a cognizable claim for relief. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6). *Pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow Plaintiff to file an amended complaint within thirty (30) days of entry of this Order.

When drafting the amendment, Plaintiff must specify which defendant(s) are involved in each instance of alleged wrongdoing. To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). In the context of a prison attack, a prison official must be aware of specific facts that the

attacker could be dangerous, beyond merely a prior disagreement between the parties. *See, e.g., Miles v. Conrad,* 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the ... reports indicate[d] aggressive or threatening behavior by" the attacker). Regarding his segregation conditions, Plaintiff must show he was deprived of "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). As to the lack of medical care, Plaintiff must show an individual defendant consciously disregarded that issue and that he suffered a "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). If Plaintiff declines to timely file an amended complaint, or files another pleading that fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS ORDERED:

1. Plaintiff's Civil Complaint (Doc. 1-1) is dismissed without prejudice.

3. Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE